**Juan Luis Mena VILLALPANDO; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73823.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 28, 2006.

Juan Luis Mena, Chino, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Cecilia Marquez De Mena, Chino, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Juan Luis Mena Villalpando and Cecilia Marquez de Mena, husband and wife and natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' order affirming without opinion an immigration judge's decision denying their applications for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929 (9th Cir.2005).

---

Petitioners' due process claim is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848–53 (9th Cir.2003) (holding that the BIA's streamlining procedure comports with due process).

Petitioners' equal protection challenge to the Nicaraguan Adjustment and Central American Relief Act ("NACARA") is foreclosed by our decision in *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir. 2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain in the United States' "). Petitioners' due process challenge to NACARA also fails. *See Hernandez–Mezquita v. Ashcroft*, 293 F.3d 1161, 1165 (9th Cir.2002) (rejecting a due process challenge because petitioner failed to demonstrate that he was deprived of a qualifying liberty interest).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The clerk shall amend the docket to reflect the correct spelling of petitioner Danelia Padilla Ortiz's name.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.